# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LARRY RUMBOUGH,

      Plaintiff,

v.                                         Case No:  6:16-cv-1305-Orl-18GJK

EXPERIAN INFORMATION
SOLUTIONS, INC. and TRANS UNION
LLC,

      Defendants.

## ORDER

THIS CAUSE comes for consideration on Experian's Motion for a *Martin-Trigona* Injunction Requiring Prior Court Approval of Future Lawsuits filed by Plaintiff against Experian ("Motion to Enjoin") (Doc. 111), to which Rumbough responded in opposition (Doc. 114).

Pursuant to the All Writs Act, 28 U.S.C. §1651(a), "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). Under the All Writs Act, "[t]he district court has the power . . . to enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980); *see Martin Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) (affirming district court's dismissal of lawsuit filed in violation of litigation pre-screening injunction). In fact, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others[,]" and has "[c]onsiderable discretion" to "design the kind of injunction that would be appropriate." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). "Federal courts have both the inherent power and the constitutional obligation to protect their

jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup* 792 F.2d at 1073 (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986)). Although a vexatious litigant "cannot be completely foreclosed from *any* access to the court[,]" he "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Id.* (emphasis in original). Further,

> [a] district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Laosebikan v. Coca-Cola Co.*, 415 F. App'x 211, 214 (11th Cir. 2011) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (pur curiam) (citation omitted)).

In the instant case, as previously found by the Court, a BJ's Wholesale Club credit card was issued in Rumbough's name after Rumbough requested a membership account with BJ's Wholesale Club. Rumbough then proceeded to make purchases and obtain cash advances on the credit card, and the outstanding balance as of September 17, 2016 was $8,0004.70. Rumbough never made payments on said debt and, instead, filed the instant action against multiple defendants (the *Rumbough I* Defendants) for their purported violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), section 559.55, *et seq.*. Approximately ten (10) months later, Rumbough filed a nearly identical, separate lawsuit against the *Rumbough I* Defendants and additional defendants (collectively, the *Rumbough II* Defendants) alleging the same FCRA, FDCPA, and FCCPA claims, as well as alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Florida Statutes, *et. seq.* ("FDUTPA"). *See Larry Rumbough v. Comenity Capital Bank et al.*, Case No. 6:17-cv-00956 (M.D. Fla.)

("*Rumbough II*"). On November 6, 2017, the Court dismissed Rumbough's claims against all but one of the *Rumbough II* Defendants after finding that Rumbough's claims were barred by the doctrine of impermissible claim-splitting. (*Rumbough II* Doc. 85.)

In both *Rumbough I* and *Rumbough II*, the Court and numerous defendants have, assuredly, utilized significant resources to litigate Rumbough's claims. Although many, if not all, of Rumbough's claims in both cases are without legal merit, some of the parties chose to settle with Rumbough for reasons unknown to this Court. In fact, Rumbough has forced some of the *Rumbough II* Defendants, as well as many other defendants, in and out of different courts for many years.[1] Rumbough has admitted to filing approximately fifty (50) lawsuits in both state and federal court, sounding "almost exclusively" in the area of consumer law, meaning "[s]tate and federal statutes, Fair Debt Collection Practices Act, Fair Credit Reporting Act, [and] the Florida Consumer Collection Practices Act." (Rumbough Deposition, Doc. 106-1 at 13:10-24.) Rumbough has acknowledged that he previously attempted to start a litigation funding business and that settlements from his own lawsuits represent a source of income for him. (*Id.* at 12:3-8; 12:25-13:7.) In the Orlando division of the Middle District of Florida, Rumbough has filed at least twenty-four (24) cases since 2007. (*See* Doc. 111-1 at 2-8.); *see also Larry Rumbough v. HSBC Card Services, Inc.*, Case No. 6:12-cv-00816 (M.D. Fla.).[2] Notably, as early as June 2010, "[a] review of the Court dockets for prior suits initiated by [Rumbough] . . . reveal[ed] that [Rumbough] ha[d] a background as a frequent *pro se* litigator." See *Rumbough v. Equifax Information Services, LLC*, Case No. 6:10-cv-00117 (M.D. Fla.) (Doc. 142). The Court's own review of the court dockets for prior suits initiated by Rumbough in the Orlando Division of the

---

[1] Rumbough maintains that he filed his first lawsuit in 2004. (Rumbough Dep. at 14:2-3.)
[2] The Court takes judicial notice of the dockets and court files of the twenty-four (24) cited cases. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("[p]ublic records are among the permissible facts that a district court may consider" on a motion to dismiss).

Middle District of Florida from 2007 to 2017 evidences that Rumbough's claims have frequently been dismissed or decided on the merits against him. Rumbough has been required to post a cost bond, and his claims have been dismissed for failure to prosecute, failure to effect proper service, and failure to comply with court orders, amongst other reasons. *See id; Rumbough v. Mann Bracken, LLC*, Case No. 6:12-cv-00814 (M.D. Fla.); *Rumbough v. Baker at al.*, Case No. 6:13-cv-01091 (M.D. Fla.); *Rumbough v. Courtesy Toyota et al.*, 6:15-cv-00869 (M.D. Fla.).

As to Experian in particular, Rumbough has filed at least seven (7) cases against Experian in the Orlando Division of the Middle District of Florida. According to Abril Turner, Senior Counsel at Experian, "Experian has expended more than $800,000.00 in attorneys' fees over the last ten (10) years to defend lawsuits brought by Plaintiff Larry Rumbough." (Doc. 111-2 ¶¶ 1, 3.) Experian was awarded summary judgment in its favor in two of the cases against Experian, has been terminated from one of the cases, has had one dismissed, and has settled two. *See Rumbough v. Equifax et al.*, Case No. 6:07-cv-01136 (M.D. Fla.) (Doc. 72); *Rumbough v. Equifax et. al.*, 6:10-cv-0117 (M.D. Fla.) (Docs. 142, 148, 164, 171, 189, 190); *Rumbough v. Experian et al.*, Case No. 6:12-cv-0811 (M.D. Fla.) (Doc. 78); *Rumbough v. Courtesy Toyota et al.*, 6:15-cv-0869 (M.D. Fla.) (Doc. 36); *Rumbough v. Capital One Bank et al.*, 6:15-cv-1878 (M.D. Fla.) (Doc. 96); *Rumbough v. Comenity Capital Bank et al.*, No. 6:17-cv-0956 (M.D. Fla.) (Doc. 85).

Although the Court cannot foreclose Rumbough from having any access to the courts, Rumbough's abuse of the court system and harassment of numerous defendants on a repetitive basis, including but not limited to Experian, is clear. In an attempt to reduce frivolous and vexatious lawsuits filed by Rumbough, while preserving Rumbough's right to file truly meritorious claims, the entry of a carefully tailored filing injunction against Rumbough is both necessary and appropriate. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Experian

Information Solutions, Inc.'s Motion for a *Martin-Trigona* Injunction Requiring Prior Court Approval of Future Lawsuits filed by Plaintiff against Experian (Doc. 111) is **GRANTED in part** and **DENIED in part**, as set forth below.

1. Plaintiff Larry Rumbough is **PERMANENTLY ENJOINED** from filing any action, complaint, or claim for relief in the Orlando Division of the United States District Court for the Middle District of Florida unless he is represented by an attorney admitted to practice law in Florida or first obtains leave of the court.

2. In the event Plaintiff Larry Rumbough attempts to file a complaint in the Orlando Division of the United States District Court for the Middle District of Florida without the representation of a duly licensed attorney admitted to practice in Florida, any such future complaints are subject to the following pre-screening procedures:

The Clerk is **DIRECTED** to forward all such complaints to the senior Magistrate Judge in the Orlando Division for preliminary review and screening. The Magistrate Judge will then determine whether the Complaint has arguable merit.

If the action is found to be arguably meritorious—with a basis in both law and fact— the Magistrate Judge shall issue an order to that effect and direct the Clerk of Court to file the complaint for normal assignment. The order of the Magistrate Judge shall be docketed along with the complaint in the new civil case.

If the complaint is found to have no arguable merit, the Magistrate Judge shall enter an order stating such findings and docket the order in the miscellaneous case referenced in paragraph 3 of this Order. The Clerk's office shall then enter a copy of the complaint in the miscellaneous file and return the original complaint to Plaintiff. If Plaintiff's complaint is found to be meritless, Plaintiff may be subject to monetary sanctions in the amount of $500.00 per case and/or other sanctions as the Court deems appropriate.

3. In addition to docketing this Order in the instant case, the Clerk is **DIRECTED** to open

-6-

a miscellaneous case and shall file the Order in that case as well. Hereafter, any order determining that a complaint tendered by Plaintiff Larry Rumbough has no arguable merit shall also be filed in the miscellaneous case, along with a copy of the complaint in question.

4. The United States Marshal shall promptly and personally serve Plaintiff Larry Rumbough with a copy of this Order and Permanent Injunction and shall promptly thereafter file a return of such service.

5. The Court expressly reserves jurisdiction to conduct litigation pre-screening as discussed in the foregoing paragraphs, to enforce the permanent injunction, to impose sanctions if the permanent injunction is violated, and to handle all matters incidental and ancillary to those tasks.

**DONE** and **ORDERED** in Orlando, Florida on this ___14___ day of February, 2018.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties